■ SIDNEY EHRLICH, Appellant, v. MICHAEL MAGGIORE, as President of Special Officers & Guards Union Local 177 of the Building Service Employees' International Union AFL-CIO, et al., Respondents.— Order entered March 2, 1964, which denied plaintiff's motion for summary judgment and defendants' cross motions for similar relief, modified on the law (1) to the extent of

reversing that part of the order denying the cross motion of defendant, International Union, and granting summary judgment dismissing the complaint as to the International Union, with $30 costs and disbursements to the International Union; and (2) reversing that part of the order denying the cross motion of defendant Local 177 for summary judgment, and granting the cross motion of defendant Local 177 for partial summary judgment to the extent of dismissing that part of plaintiff's cause of action seeking restoration of plaintiff to membership in good standing in the local and international *nunc pro tunc* as of February 1, 1959, without costs or disbursements; and in all other respects the order is affirmed, without costs or disbursements. After disciplinary proceedings were commenced against plaintiff, the executive board of the local recommended that plaintiff be expelled from the local union, and on April 30, 1959, the general membership of the local voted to expel plaintiff. In May, 1959, plaintiff appealed to the international. After a hearing was held on the appeal in October, 1959, the international president, pursuant to power granted by the international constitution, notified plaintiff that he was to be granted a new trial on the charges preferred against him, and the international president appointed a hearing officer to conduct the new trial. Such a new trial was held. Upon the evidence produced at that new trial, the general president of the international affirmed the decision of guilt on the charges and dismissed plaintiff's appeal. The decision of the general president was thereafter affirmed upon a further appeal taken by plaintiff to the general executive board of the international. Upon this record, there is no basis for a cause of action against the international. There were no irregularities in procedure on the plaintiff's appeal to the international. The international acted only in its appellate capacity, and since there is no allegation or proof of fraud or bad faith on the part of the international, that body would not be liable even if its decision were erroneous. However, it affirmatively appears that plaintiff had a new trial on the merits before the international, that plaintiff was accorded a complete hearing and that the affirmance by the international of the discipline of expulsion was based upon substantial evidence. Consequently, the cross motion of the international union for summary judgment dismissing the complaint should have been granted. Moreover, in view of the complete new trial held by the international, that part of the cause of action against the local union, which seeks reinstatement because of claimed irregularities in the procedure whereby plaintiff was expelled from the local union, cannot stand. It is unnecessary to reach plaintiff's contention that the proceedings before the local union were improperly conducted. Plaintiff had a complete trial *de novo* before the international, and plaintiff participated in that new trial. In substance, plaintiff has obtained all the procedural safeguards he was entitled to. Therefore, there is no basis for a cause of action seeking reinstatement in the local union. The cross motion of the local union for summary judgment should have been granted to the extent of dismissing that part of plaintiff's complaint seeking reinstatement in the local union. The remainder of plaintiff's cause of action should be severed and the action continued as to that part of the complaint against the local union. Settle order on notice. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.